UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLE JOSEPH RODRIGUEZ                                    CIVIL ACTION

VERSUS                                                              NO. 17-5177

THIBODAUX POLICE                                           SECTION "N" (2)
DEPARTMENT ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Cole Joseph Rodriguez, filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the Thibodaux Police Department and former Thibodaux Police Officer Welton Walker. Rodriguez's complaint alleges that Walker subjected him to excessive force during his arrest on April 15, 2017. Record Doc. No. 3 (Complaint). He seeks $1 million in monetary damages from the Thibodaux Police Department and $100,000 from Walker. Id. at ¶ V, p. 5.

On July 19, 2017, I conducted a telephone conference in this matter. Record Doc. No. 15. Participating via telephone were plaintiff pro se; Marla Mitchell, counsel for the Thibodaux Police Department. Mitchell stated that she does not represent Walker, who is no longer an officer in the Thibodaux Police Department. Record Doc. No. 13. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## **THE RECORD**

Rodriguez testified that he was incarcerated when he filed the instant lawsuit, but was released from jail on June 30, 2017. He confirmed that he brings a single claim that Walker used excessive force by using a taser on him on April 15, 2017, while he was handcuffed.

Plaintiff stated that he was arrested around 10:00 p.m. that day for misdemeanor domestic violence. He testified that Walker arrested him at 701 St. Mary Street in Thibodaux, Louisiana, and then took him in a police unit to the Lafourche Parish Detention Center about three miles away.

Rodriguez said that Walker stopped the car at a call box outside the Detention Center. Plaintiff stated that Walker advised jail personnel over the call box that he was dealing with a "108," which means a noncompliant person, and a "1015," meaning a male prisoner. Plaintiff said he was in the back seat of the unit with his hands cuffed behind his back. He testified that Walker called for backup, but then opened the back door of the car and tasered Rodriguez in the back seat before anyone else arrived.

Plaintiff stated that Walker tased him again while plaintiff was still in the back seat after Lafourche Sheriff's deputies arrived from the jail. Rodriguez testified that the deputies removed him from the car and that Walker then tased him a third time in the jail parking lot while plaintiff was still handcuffed. Rodriguez stated that the first two taser

bursts were a few seconds apart and the third was about a minute after the second one, so that all three taser uses happened within about two minutes.

Rodriguez testified that, during the entire ride to the jail, he and Walker were "going back and forward, calling each other names" and arguing between Walker in the front and Rodriguez in the back seats. Plaintiff said that he and Walker had no physical contact during that time.

Rodriguez admitted that he refused to get out of the unit when Walker ordered him to do so at the jail. He testified that Walker then told jail personnel via the call box that Rodriguez was noncompliant in the back of the unit and Walker asked for help from the deputies. Plaintiff testified that Walker then "took it upon himself" to open the car and tase plaintiff the first time before any help arrived.

Rodriguez said that Walker was on top of him and tased him in the area of his heart the first time. Plaintiff testified that he kicked his feet towards Walker after Walker got off of him. Rodriguez stated that Walker then "jumped back on top of me and tased me the second time" in the back seat. Plaintiff said he did not make contact when he kicked towards Walker.

Rodriguez testified that, once "they got me out of the unit and they got me on my feet" in the parking lot, he made "a head gesture" and a racial slur toward Walker. He stated that there were several other officers around him at the time and that Walker came around the deputies and tased him the third time while he was still handcuffed in the lot.

3

Rodriguez said he was taken into the jail that night and booked the next morning with a charge of misdemeanor domestic violence for which he was originally arrested and additional charges of misdemeanor battery of a police officer and resisting arrest with force or violence. He stated that all three charges are still pending and that a pretrial conference in his criminal case is set for September 11, 2017 in the 17th Judicial District Court for the Parish of Lafourche.

When asked what injuries he suffered in the tasing incident, plaintiff said he had taser burns on the left side of his chest that left a scar and a mark on his back that did not scar. He stated that there was no blood from the tasing and that his injuries healed in about two weeks. He testified that he was never seen by any medical personnel at the Detention Center and intends to file a claim against the Lafourche Parish Sheriff for inadequate medical treatment.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Lee v. Hennigan, 98 F. App'x 286, 287 (5th Cir. 2004) (citing Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998)); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir.

2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014); Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. Spears, 766 F.2d at 180. "[T]he Spears procedure affords the

plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a Spears hearing, Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents." Id. (citing Wilson, 926 F.2d at 482-83; Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990)).

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous, because his claims lack an arguable basis in law, or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims, or under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's complaint, as amended by his testimony at the Spears hearing, fails to state a claim under the broadest reading.[1]

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

II.     HECK BARS PLAINTIFF'S SECTION 1983 EXCESSIVE FORCE CLAIM

Plaintiff testified that Walker tased him three times on April 15, 2017 while he was handcuffed after Walker placed him in his squad car. Rodriguez stated that he was charged with battery on a police officer and resisting arrest with force or violence in connection with this incident.

These criminal charges of battery on a police officer and resisting arrest with force or violence currently pending against Rodriguez arise from the very same incident on which he bases his civil claim of excessive force in this case. Regardless whether he seeks injunctive relief or damages under Section 1983 for use of excessive force during his arrest, plaintiff's claim must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state criminal charges or confinement, which have not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider

8

>whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the Fifth Circuit has also applied Heck when the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

As the United States Court of Appeals for the Fifth Circuit has found in the decision cited below, plaintiff's Section 1983 claim in the instant case necessarily implies the invalidity of the pending charges against him under Heck, and those charges have not been set aside. Plaintiff's Section 1983 claim of excessive force in this court must fail because it necessarily impugns the validity of the pending criminal charges against him for battery on a police officer and resisting arrest with force or violence. Because the charges against Rodriguez still stand and have not been set aside in any of the ways set out in Heck, his excessive force claim is effectively barred by Heck.

>In a case presenting a claim similar to the one asserted by Rodriguez in this case,
>
>>[plaintiff] was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the officers] . . . used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the

9

> question <u>whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.</u>

Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (citations omitted) (emphasis added).

The instant case is similar. Rodriguez is charged with battery on a police officer and resisting arrest with force or violence. Plaintiff's claim that Walker used excessive force would necessarily imply the invalidity of those charges, and ultimately conviction if he is convicted on either or both charges, for his own use of force. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, 100 F. App'x 321, 325 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). However, the charges have not been set aside in any of the ways described in Heck. Thus, any claims of excessive force in violation of Section 1983 are premature and must be dismissed, until such time that Rodriguez is acquitted or, if he is convicted, his criminal conviction is set aside. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson, 101 F.3d at 424.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for

failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), or pursuant to Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __24th__ day of July, 2017.

                                        JOSEPH C. WILKINSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.